IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRISTAN APRIL DEAUX,  Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:25-00324-N |
| ALL DAY AUTO HAULING, LLC,  Defendant. | ) ) ) | |

### ORDER

This civil action is before the Court on review *sua sponte* of the Court's subject-matter jurisdiction.[1] Upon due consideration, the removing Defendant, All Day Auto Hauling, LLC ("All Day"), will be ordered to file an amended notice of removal to correct a defect in its jurisdictional allegations, and also to file disclosure statement as required by Federal Rule of Civil Procedure 7.1 and S.D. Ala. CivLR 7.1.

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* See also *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

I.

All Day removed this case from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441(a), with the Notice of Removal (Doc# 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for original subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based

on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

Having considered the Notice of Removal (Doc# 1), the undersigned identifies the following deficiency in All Day's allegations regarding its own citizenship:[3]

- All Day, a limited liability company, has attached its notice of removal an affidavit from Mitchell Neif, a natural person, averring that he is All Day's sole member. *See* (Doc# 1-3); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam) ("In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020,

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[3] All Day is the sole named defendant in the current complaint. While the Plaintiff has also sued fictitious defendants, their citizenships are to be disregarded in determining whether this action is removable under § 1332(a). 28 U.S.C. § 1441(b)(1).

1022 (11th Cir. 2004), we held that a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.' We continued: 'To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company....' *Id.*"). However, both the affidavit and notice removal only allege that Neif is a "resident" of, or "reside[s]" in, Pennsylvania. (Doc# 1 ¶ 7, PageID.2; Doc# 1-3 ¶¶ 1, 4, PageID.53). Those allegations are insufficient to establish Neif's, and therefore All Day's. The law of this circuit is clear that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person[,]" *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994), and that "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....' " *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").[4] Accordingly,

---

[4] While "[r]esidence alone is not the equivalent of citizenship, … the place of

the Plaintiff must amend its notice of removal to allege the state of domicile/citizenship, not mere residence, for Neif.[5]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[T]he failure to establish a party's citizenship

---

residence is prima facie the domicile" when there is an evidentiary challenge to a party's citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). *Accord Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (Steele, J.) ("[W]hile the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile."). Nevertheless, the fact that residence may be *prima facie* <u>evidence</u> of domicile does not relieve the party invoking diversity jurisdiction of the burden of <u>alleging</u> a natural person party's place of domicile/citizenship, rather than simply that party's place of residence. The Eleventh Circuit has repeatedly held that a mere allegation of residence does not satisfy that pleading burden. *See Travaglio*, 735 F.3d at 1269 ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added)).

[5] That All Day repeatedly only alleges Neif's state of residence is somewhat inexplicable because its notice of removal affirmatively alleges that the natural person plaintiff is a "citizen of[,]" and is "domiciled in[,]" Alabama (Doc #1 ¶¶ 5, 7, PageID.2), indicating that All Day is familiar with the rule for alleging the citizenships of natural persons.

at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297. Upon due consideration, All Day is **ORDERED** to file and serve, no later than **AUGUST 15, 2025**, an amended Notice of Removal that corrects the above-described deficiency in its allegations supporting subject-matter jurisdiction under § 1332(a). The failure to comply with this order may result in remand of this action *sua sponte* for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II.

All Day filed its notice of removal (Doc# 1) and answer to the complaint (Doc# 2) on the same day, but did not also file a disclosure statement providing the information required by Federal Rule of Civil Procedure 7.1(a)(2) and S.D. Ala. CivLR 7.1. All Day is **ORDERED** to file such a disclosure statement, using this Court's current form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf), no later than **AUGUST 15, 2025**.

**DONE** and **ORDERED** this the **8th** day of **August 2025**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**